McADAMS, Defendant in Error, v. McHENRY, Plaintiff in Error.

1. Judgment reversed because it appeared from the record that, after a judgment for costs was rendered against the plaintiff, a final judgment by default was rendered against the defendant without his appearance and without setting aside the former judgment.

*Error to Greene Circuit Court.*

The case is stated in the opinion of the court.

*Hendricks*, for plaintiff in error.

*Wright* and *Edwards*, for defendant in error, cited 10 Mo. 259 ; Evans v. King, 7 Mo. 411 ; Whitney v. Budd, 5 Mo. 443 ; 10 Mo. 459.

RYLAND, Judge, delivered the opinion of the court.

This was a suit by attachment, commenced in the Greene Circuit Court. The writ was made returnable to the July term, 1855. The record shows that, at the September term, 1855, on the 8th day of the term, it being the 18th day of the month, the plaintiff obtained leave for the sheriff to amend his return, and on the same day the court rendered judgment by default against the defendant·for the sum of $252 60 debt, and $8 73 damages for the detention thereof.

Afterwards, on the 20th day of September, the plaintiff filed his interrogatories against the persons summoned as garnishees, and obtained an order on the sheriff to pay over money collected by him by sale of the attached property.

Afterwards, on 21st day of September, the defendant appeared by his attorney, and by leave of the court filed his motion to quash, set aside and vacate the judgment and proceedings in this cause, assigning as reasons therefor : 1st. The whole proceedings are irregular ; 2d. The requisites of the law have not been complied with ; 3d. Because the attachment was issued without a bond and endorsement of the approval thereof,

27—VOL. XXII.

as required by law; 4th. Because the attachment was issued irregularly; 5th. Because the judgment is irregular and void.

On the next day, this motion to vacate, set aside and quash the judgment and proceedings, was sustained. The entry is as follows, in part: "And upon inspection of the proceedings in this cause, it is considered by the court that the said motion be sustained and defendant go hence without day, and recover costs, for which execution may issue."

Afterwards, on the same day, the plaintiff files his bond, which was approved by the court. After this bond is filed, the court proceeds to render judgment again by default against the defendant. This is entered on the same day of the filing of the bond, and of the entry vacating the judgment and quashing the proceedings, and giving judgment against the plaintiff for costs. After the rendition of the second judgment by default against defendant, the plaintiff filed his motion to set aside the order of the court vacating, setting aside and quashing the judgment and proceedings in this cause, which the court over-ruled. The plaintiff excepted to this action of the court, and filed his bill of exceptions.

And on the same day, the defendant, by his attorney, moved the court to set aside and vacate this judgment last rendered against him by default, because the judgment and proceedings are irregular; and because he had no notice of the proceedings, &c. The court overruled this last motion, and the defendant excepted, and brings the case here by writ of error.

I have seldom been called to the task of deciphering and examining such a record; its illegibility and jumble of motions demand the reproof of this court. Let the clerk below see to this business in future.

From the record, it would seem that the cause was finally disposed of by a judgment in favor of the defendant for costs. If this be so, the subsequent judgment in favor of the plaintiff was erroneous. The Circuit Court probably intended to cancel only the first judgment against the defendant, leaving the suit standing, to be further proceeded in; if this could be made to

appear as the true construction of the record, there would then be no error. But we must be governed by the record as it stands before us ; and here is a final judgment for costs against the plaintiff, on a motion made by defendant to quash, set aside and vacate judgment and proceedings.

We will send the case back for further action in the Circuit Court. Where a final judgment has been rendered against a party for costs, it would be irregular, without notice or appearance of the adverse party, to set aside such a judgment, and then render a judgment for the opposite party. But here, without even setting aside this judgment for costs, the court renders judgment for plaintiff, with a final judgment previously standing on record in the same cause for defendant. This may be the blunder of the clerk, or it may arise from inattention in making proper entries of the action and rulings of the court. However, to whatever cause attributable, the judgment, in this case, is erroneous, and must be reversed, and cause remanded ; Judge Leonard concurring.